UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Larry Barker et al.,

    Plaintiffs,

v.

International United Auto Workers,

    Defendant.

                                      /

Case No. 14-12997

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [8]**

This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiffs' claims are time-barred. For the reasons stated below, the Court GRANTS Defendant's motion.

**I.**    **Background**

Plaintiffs are employees of Automotive Component Holdings (ACH), a supplier of automotive supplies to Ford Motor Company. They are represented in collective bargaining by Defendant. For the relevant times, the terms and conditions of Plaintiffs' employment were governed by Defendant and their respective employers.

Plaintiffs' complaint is muddled. They allege a variety of acts taken by Defendant that breach Defendant's duty of fair representation. These acts include misrepresenting the terms of contracts, violating voting rights, failing to pursue grievances, and using intimidation to gain acceptance of contracts, among other actions. All of these acts took place prior to May 28, 2013.[1] As will be discussed below, a six-month statute of limitations

---

[1] The last date provided in the complaint is December 31, 2012. (Compl. ¶ 95). There are two events in the complaint, however, that fail to state when they occurred. The first is

governs claims alleging a breach of the duty of fair representation. This action was filed on August 1, 2014. Any claims based on actions taken prior to six months before this date are time-barred.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556

---

an allegation that Defendant treats "referral employees" more favorably than Plaintiffs. (*Id.* ¶¶ 102-108.) According to the complaint, a referral employee is "one who is a relative of a Ford Worker, or UAW employee." (*Id.* ¶ 103). As an example, the complaint alleges that a referral employee, "Brian," was treated favorably compared to Plaintiffs when disciplined for his absenteeism and tardiness. (*Id.* ¶ 104.) The second event is an allegation that Defendant failed to represent an ACH employee, "Denise," by preventing her from grieving her termination. (*Id.* ¶¶ 106-118.) This is the last event listed in the complaint
    At the hearing held on December 3, 2014, the Court asked Plaintiffs to submit a letter indicating the date on which Denise was terminated. The letter states that Denise was terminated on May 28, 2013. (Dkt. 13.)

2

U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## III. Analysis

### A. Plaintiffs' Claim for Breach of the Duty of Fair Representation is Time-Barred

Plaintiffs' complaint contains three counts: (1) breach of the duty of fair representation; (2) breach of contract; and (3) fraudulent misrepresentation. The complaint states that Defendant's actions violated the duty of fair representation codified in 5 U.S.C. § 7114(a)(1). This statute, however, does not apply to private employees. The cited section is part of the Federal Service Labor-Management Relations Statute (FSLMRS). 5 U.S.C. § 7101 *et. seq.* This statute applies to certain government employees only. (*Id.* (b) ("It is the purpose of this chapter to prescribe certain rights and obligations of the employees of the Federal Government and to establish procedures which are designed to meet the special requirements and needs of the Government."); *U.S. Dep't of the Treasury I.R.S. Office of Chief Counsel Washington D.C. v. Fed. Labor Relations Auth.*, 739 F.3d 13, 15 (D.C. Cir. 2014) ("The FSLMRS establishes the framework governing labor-management relations in the federal government.").

Defendant suggests that Plaintiffs' complaint is more properly brought as a hybrid claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). This is also incorrect. A hybrid claim is one where an employee brings a suit against both his employer for breach of a collective bargaining agreement and his union for breach of the duty of fair representation. *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003). It is called a hybrid action because the causes of action are "inextricably

3

interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). To succeed in such an action against either defendant, the employee must prove both breaches occurred. *Vencl v. Int'l Union of Operating Engineers, Local 18*, 137 F.3d 420, 424 (6th Cir. 1998).

Because Plaintiffs have not alleged that their employers have breached any collective bargaining agreements, this is not a hybrid case. The only allegation in this case is that Defendant breached the duty of fair representation. The duty of fair representation is derived from Section 9(a) of the National Labor Relations Act (NLRA), 29 U.S.C. § 159(a), which gives the union "exclusive power to represent all employees in a particular bargaining unit." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 87 (1989). An action brought solely under Section 9(a), as opposed to a hybrid action, does not depend on the existence of a collective bargaining agreement, and an employee does not need to prove a breach of a collective bargaining agreement to succeed against the union. *Pratt v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local No. 1435*, 939 F.2d 385, 388 (6th Cir. 1991).

Regardless of whether this is a hybrid action or an action solely for breach of the duty of fair representation, this case is governed by a statute of limitations of six months. *DelCostello*, 62 U.S. at 169; *Adkins v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC*, 769 F.2d 330, 334 (6th Cir. 1985). "[T]he limitations period begins to run when the potential plaintiff knows or should have known of the union's alleged breach of its duty of fair representation." *Ratkosky v. United Transp. Union*, 843 F.2d 869, 873 (6th Cir. 1988) (internal quotations omitted).

4

Plaintiffs' complaint is a jumble of events. Nevertheless, all of the conduct that Plaintiffs allege breached Defendant's duty of fair representation occurred between 2006 and 2013. Plaintiffs do not provide a date for the last two events in the complaint. These are the allegations that Defendant treats "referral employees" more favorably than Plaintiffs, using the discipline of a referral employee, Brian, as an example, and the separate allegation that Defendant failed to grieve the termination of an ACH employee, Denise.[2] In a letter to the Court, however, Plaintiffs state that Denise was terminated on May 28, 2013. This case was filed on August 1, 2014. Denise's termination falls well outside of the six-month statute of limitations period for this case. And although Plaintiffs do not specifically state when Brian was disciplined in the complaint or in their letter to the Court, the complaint lists this event as occurring before Denise was terminated.[3] Plaintiffs do not argue that they did not or should not have known when the actions specified in the complaint occurred. Because this conduct occurred longer than six months before the filing

---

[2] The Court notes that Denise is not listed as a plaintiff in this case. Aside from the named parties, the complaint lists one of the parties as "ACH workers," and states, "Other plaintiffs in this case (hereinafter, 'ACH Workers') each are workers hired and assigned to Automotive Component Holdings . . . . There are approximately one-hundred and ninety-one (191) additional Plaintiffs party to this suit." (Compl. ¶ 3.) This paragraph of the complaint is not sufficient to add 191 additional plaintiffs to the action. According Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties." Plaintiffs' complaint violates this rule. *See Kedra v. City of Philadelphia*, 454 F. Supp. 652, 657 n.1 (E.D. Pa. 1978).

[3] Even if the allegations concerning Brian occurred inside the limitations period, they still fail to state a claim for breach of the duty of fair representation. Using Brian as an example, Plaintiffs allege that Defendant treats "referral employees" more favorably than Plaintiffs. (Compl. ¶¶ 102-108.) The fact that Defendant may have treated "referral employees" more favorably than Plaintiffs, however, does not state a claim. "Without more, merely alleging that a union's conduct favored one group over another does not constitute a breach of the duty of fair representation." *Merritt*, 613 F.3d 609 at 619 (6th Cir. 2010). That is all Plaintiffs allege here.

of this case, Plaintiffs cannot rely on any of it to establish a breach of the duty of fair representation.

Plaintiffs argue that the statute of limitations should not preclude reliance on this conduct because this case is a re-filing of a previous case dismissed without prejudice on June 24, 2014. *See Meyer v. United Auto Workers*, No. 13-12405, 2014 WL 2865408 (E.D. Mich. June 24, 2014). That case was filed on May 31, 2013. Plaintiffs state that the claims that occurred within six months of that date are timely.

Plaintiffs are incorrect. "It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987); *see also Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962) ("An action dismissed without prejudice leaves the situation the same as if the suit had never been brought."). Because the prior suit is treated as if it had never been brought, it is this action that is used to determine the timeliness of Plaintiffs' claims. As all of the conduct alleged in the complaint occurred more than six months prior to the commencement of this action, Plaintiffs' claim for breach of the duty of fair representation is time-barred.[4]

**B. Plaintiffs' State Law Claims Are Preempted**

---

[4] Because the Court finds that Plaintiffs' claim for breach of the duty of fair representation is time-barred, it is unnecessary to address Defendant's additional argument that even if this claim was not time-barred, Plaintiffs' complaint otherwise fails to state a claim.

Plaintiffs have brought two other state law claims—breach of contract and fraudulent misrepresentation. These claims necessarily fail as well. "The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation." *Bickers v. Int'l Ass'n of Machinists and Aerospace Workers*, 8 F.App'x 514, 516 (6th Cir. 2001) (quoting *Maynard v. Revere Copper Prods., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985)). Because the actions comprising Plaintiffs' breach of contract and fraudulent representation claims are the same as the actions comprising Plaintiffs' claim for breach of the duty of fair representation, they are preempted. *See id.* ("Because Bickers's state law breach of contract claim is clearly related to the union's duty of fair representation, it is preempted by federal labor law.").

**IV. Conclusion**

For the foregoing reasons, Defendant's motion is GRANTED. This case is DISMISSED WITH PREJUDICE.

SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: December 9, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2014, by electronic and/or ordinary mail.

       S/Carol J. Bethel
       Case Manager